Opinion issued March 19, 2020



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00731-CR

————————————

**KEVIN PEOPLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1551878**

---

## MEMORANDUM OPINION

Kevin Peoples appeals his conviction for aggravated assault with a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2). He alleges that the trial court erred by admitting testimony regarding his involvement in prostitution and drug dealing. We affirm.

## Background

Around noon on April 28, 2016, a commercial truck driver named Alex Benson parked his 18-wheeler in the parking lot of a hotel and rented a room. When he rented the room, he was accompanied by Dixie Shirley, a woman with pink hair. She was known to stay with Peoples, who was a long-term resident of the hotel. Around 11:00 p. m. that evening, Shirley suddenly ran from Benson's room to get Peoples. When she did so, Benson ran from his room to his 18-wheeler without putting on his shoes or underwear. Alerted that Benson was trying to run out, Peoples grabbed a loaded .45-caliber pistol from his hotel room, climbed an exterior staircase, and fired three shots at Benson as he reached his rig. One of those shots struck Benson in the back of the head. Benson continued into his rig, got inside, and began to drive away.

After shooting at Benson, Peoples returned to his room and put the pistol in a drawer. He and Shirley then fled from the hotel in Peoples's car. Meanwhile, Benson, disoriented because of the gunshot wound to his head, drove away from the hotel without disengaging his parking brakes. He drove for approximately one mile before pulling over on the shoulder of an elevated portion of the Gulf Freeway. Dazed, he got out of the rig's cab and wandered the highway before falling over a barrier into the U-turn lane below. Motorists found him severely injured but

2

responsive and called 911. An ambulance arrived and transported Benson to the hospital, where he was pronounced dead.

Investigators soon connected Benson to the abandoned 18-wheeler on the freeway above where his body was found. They traced the tire tracks back to the hotel and obtained the hotel's security video. The video showed Benson and Shirley together renting a room, Peoples and Shirley together, Shirley and Benson running out of Benson's hotel room, and the shooting. They obtained Peoples's name and phone number from the hotel's guest registration paperwork and entered the phone number on Facebook. The search produced a page listed under Peoples's alias, "Millie Mack" and photographs of him with several women, including Shirley.

Peoples was originally charged with murder, but the charge was dismissed, and the State charged him with aggravated assault with a deadly weapon, including two punishment enhancement allegations in the indictment. Peoples pleaded guilty and elected jury sentencing. After a punishment hearing, the jury found the State's enhancement allegations true and assessed Peoples's punishment at 43 years' imprisonment. The trial court sentenced him in accordance with the jury's verdict in August 2018.

**Admission of Evidence**

On appeal, Peoples argues that the trial court erred by admitting testimony from witnesses who stated they believed that Peoples dealt drugs and was involved in prostitution.

## A. Standard of Review and Applicable Law

Texas Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." TEX. R. EVID. 602. Rule 701 provides that a witness who is not testifying as an expert may testify in the form of an opinion that is "(a) rationally based on the witness's perception; and (b) helpful to clearly understanding the witness's testimony or to determining a fact issue." TEX. R. EVID. 701.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). Under this standard, we may reverse the trial court only if its decision is outside the zone of reasonable disagreement. *Id.* at 83. We will uphold the ruling if it is correct under any applicable theory of law, even if the trial court relied on an incorrect reason for reaching its decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

**B.    Testimony Regarding Drugs**

Peoples argues that the trial court erred in admitting testimony from Christopher Gilbert, a long-term hotel resident. Specifically, when asked how he knew Peoples, Gilbert responded that Peoples sold "products, like marijuana and stuff like that" around the property. On appeal, Peoples argues that Gilbert's statement should have been excluded because Gilbert did not have personal knowledge of his activities. The State responds that Peoples failed to preserve this complaint for appellate review. We agree.

To preserve a complaint for appellate review, the complaining party must normally make a timely and specific objection and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a); *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014). Peoples did not object when Gilbert offered the testimony that Peoples challenges on appeal. He therefore waived his right to complain about the admission of this testimony on appeal. TEX. R. APP. P. 33.1.

**C.    Testimony Regarding Prostitution**

Next, Peoples contends that the trial court erred in admitting testimony that Peoples was involved in prostitution. The State asked Maritsa Vargas, the hotel manager, if she knew how Peoples made money or what he was doing at the hotel. Peoples's counsel objected that the question called for speculation. The trial court overruled the objection, and Vargas testified that she "assumed [Peoples made

5

money by] prostitution." Similarly, the State asked Gilbert if he knew what Peoples did at the hotel. Peoples's counsel objected that the question called for speculation. The trial court overruled the objection, and Gilbert responded, "I think a pimp or whatever." Peoples contends that neither witness had personal knowledge of the matter and their testimony prejudiced the jury against him.

The questions asked by the State elicited responses from each witness that were based on personal knowledge. Specifically, the prosecutor asked Vargas, "Did you know how the defendant was making money or what he was doing at the hotel?" The prosecutor asked Gilbert, "Anything else that you are aware of that he was doing?" The witnesses' responses demonstrated that they were expressing personal opinion based on their observations of Peoples at the hotel property. *See* Tex. R. Evid. 701. The trial court did not abuse its discretion in admitting the testimony from Vargas or Gilbert.

Moreover, even assuming the trial court erred in admitting the evidence, Peoples has not demonstrated that he was harmed by the admission of the statements. The erroneous admission of evidence constitutes non-constitutional error governed by Rule of Appellate Procedure 44.2(b). *Melgar v. State*, 236 S.W.3d 302, 308 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Non-constitutional errors require reversal only if it affects the substantial rights of the accused. Tex. R. App. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93–94 (Tex. Crim. App. 2011). "A substantial

right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not overturn a criminal conviction for non-constitutional error if, after examining the record, we have fair assurance that the error did not influence the jury or had but a slight effect. *Barshaw*, 342 S.W.3d at 93–94. Error in the admission of evidence may be rendered harmless when substantially the same evidence is admitted elsewhere without objection. *See Leday v. State*, 983 S.W.2d 713, 717–18 (Tex. Crim. App. 1998); *Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

Any error in admitting Vargas's and Gilbert's statements that each believed Peoples was involved in prostitution was harmless because it was duplicative of evidence admitted elsewhere without objection. The State introduced numerous letters written by Peoples referencing his status as a "pimp." The letters were written from jail to Shirley, his mother, and at least two other women. In a letter to Shirley, Peoples wrote a "rap" about his involvement in prostitution: "Dis [sic] is Millie Mack. Live out da [sic] boot. Pimping is my game, breaking hoes is what I do." In another letter, Peoples wrote: "Well I'm a gentleman of legior [sic] (pimp). On my team is females that do what daddy say." (parenthetical in original). The content of the letters demonstrated People's involvement in prostitution in greater and more explicit detail than either Vargas's or Gilbert's testimony. Therefore, any error in

admitting the testimony of those two witnesses was unlikely to have had a substantial and injurious effect or influence upon the jury's deliberations. We overrule Peoples's evidentiary issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).